**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMPOWER OVERSIGHT ) <br> WHISTLEBLOWERS & RESEARCH, ) <br> 11166 Fairfax Blvd., Ste. 500 #1076 ) <br> Fairfax, VA  22030, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FEDERAL BUREAU OF INVESTIGATION, ) <br> 935 Pennsylvania Avenue, NW ) <br> Washington, DC 20535, ) <br> ) <br> and ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue NW ) <br> Washington DC 20530, ) <br> ) <br>       Defendants. ) | Case Action No. 1:25-cv-00280 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**COMPLAINT**

Plaintiff Empower Oversight Whistleblowers & Research ("Empower Oversight"), by and through its counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ") to issue determinations as to Plaintiff's FOIA request within the statutorily prescribed time, and seeking the disclosure and release of agency records improperly withheld by Defendants. In support thereof, Plaintiff Empower Oversight alleges and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA and Plaintiff has exhausted its administrative remedies.

1

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4. This Court has the authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5. Plaintiff, Empower Oversight Whistleblowers & Research, with an office at 11166 Fairfax Blvd., Ste. 500, Fairfax, VA 22030, is a nonprofit, nonpartisan educational organization dedicated to enhancing independent oversight of government and corporate wrongdoing. It works to help insiders document and report corruption to the proper authorities while also seeking to hold authorities accountable to act on those reports.

6. Defendant FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is a component of the DOJ, which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

7. Defendant FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535.

8. Defendant DOJ is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

9. Defendant DOJ is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530.

10. Defendants FBI and DOJ have possession, custody, and control of the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

### February 12, 2024 FOIA

11. On February 12, 2024, Plaintiff Empower Oversight submitted a written request to Defendants DOJ and FBI in accordance with 5 U.S.C. § 552. *See* Pl.'s FOIA Request, Ex. A, incorporated by reference as if fully set forth herein (hereinafter February 12, 2024 FOIA).

12. To summarize, Plaintiff requested records pertaining to DOJ and FBI officials' communications about FBI whistleblower Marcus Allen and his outside employment. *Id.*

13. Plaintiff provided pertinent information in its Request as required by the relevant regulation, 28 C.F.R. § 16.3, "describ[ing] the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort." *Id.*

14. Defendant FBI responded on February 16, 2024, and assigned Plaintiff's request FOIPA Request No. NFP-156634. In Defendant's response, it stated that Plaintiff's FOIA request was overly broad and did not provide enough detail to enable personnel to locate records with a reasonable amount of effort. Therefore, Defendant stated that the request was being closed. *See* FBI Def.'s FOIA Response, Ex. B, incorporated by reference as if fully set forth herein (hereinafter February 12, 2024 FOIA Response).

15. Plaintiff appealed Defendant's denial on April 25, 2024. *See* P.'s 1st Admin Appeal, Ex. C, incorporated by reference as if fully set forth herein.

16. The Office of Information Policy (OIP) admitted receipt of the Admin Appeal on April 25, 2024, and assigned Number A-2024-01463. *See* Def.'s 1st Admin Appeal, Ex. D, incorporated by reference as if fully set forth herein.

17. Plaintiff received no further response from Defendant FBI regarding the February 12, 2024 FOIA.

18. The DOJ received the February 12, 2024 FOIA (Ex. A) on February 13, 2024, and assigned it Submission ID 1073711. DOJ Def.'s FOIA Response, Ex. E, incorporated by reference as if fully set forth herein.

19. No further response has been received from the DOJ.

**February 23, 2024 FOIA**

20. On February 23, 2024, Plaintiff sent a second FOIA request letter to Defendants, Pl.'s 2nd FOIA Requests, Ex. F., incorporated by reference as if fully set forth herein (hereinafter February 23, 2024 FOIA).

21. To summarize, Plaintiff requested records pertaining to communications by or with any DOJ Civil Division or FBI Office of Integrity and Compliance personnel discussing Marcus Allen, the FBI policy on individuals on unpaid suspension, and charitable contributions. *Id.*

22. On April 30, 2024, FBI Defendant responded and assigned Plaintiff's request FOIPA Request No. NFP-156965. In FBI Defendant's response, it stated that Plaintiff's FOIA request was overly broad and did not provide enough detail to enable personnel to locate records with a reasonable amount of effort. Therefore, Defendant stated that the request was being closed. *See* Def.'s FOIA Response Ex. G, incorporated by reference as if fully set forth herein. (Hereinafter February 23, 2024 FOIA Response).

23. Plaintiff appealed Defendant's denial on May 21, 2024. *See* P.'s 2nd Admin Appeal, Ex. H, incorporated by reference as if fully set forth herein.

24. The Office of Information Policy (OIP) admitted receipt of the Admin Appeal on May 21, 2024, and assigned Number A-2024-01717. *See* Def.'s 2nd Admin Appeal, Ex. I, incorporated by reference as if fully set forth herein.

4

25. Plaintiff received no further response from Defendants regarding the February 23, 2024 FOIA.

26. The DOJ received the February 23, 2024 FOIA (Ex. E) on February 23, 2024, and assigned it Submission ID 1085316. DOJ Def.'s FOIA Response, Ex. J, incorporated by reference as if fully set forth herein.

27. No further response has been received from the DOJ.

## March 5, 2024 FOIA

28. On March 5, 2024, Plaintiff sent a third FOIA request letter to Defendants. Pl.'s 3rd FOIA Requests, Ex. K., incorporated by reference as if fully set forth herein. (Hereinafter March 5, 2024 FOIA).

29. To summarize, Plaintiff requested records pertaining to DOJ and FBI officials' communications about FBI's position regarding publication/sale of written works on unpaid suspension, Marcus Allen, and publishing and/or selling a prayer journal. *Id.*

30. On May 31, 2024, FBI Defendant responded and assigned Plaintiff's request FOIPA Request No. 1622709-000. In Defendant FBI's response, it stated that it had conducted a search for the documents but found no responsive records. Therefore, Defendant stated that the request was being closed. *See* FBI Def.'s FOIA Response, Ex. L, incorporated by reference as if fully set forth herein. (Hereinafter March 5, 2024 FOIA Response).

31. Plaintiff appealed Defendant's denial on June 28, 2024. *See* P.'s 3rd Admin Appeal, Ex. M, incorporated by reference as if fully set forth herein.

32. The Office of Information Policy (OIP) admitted receipt of the Admin Appeal on June 28, 2024, and assigned Number A-2024-01999. *See* Def.'s 3rd Admin Appeal, Ex. N, incorporated by reference as if fully set forth herein.

33, Plaintiff received no further response from Defendants regarding the March 5, 2024 FOIA.

34. The DOJ received the March 5, 2024 FOIA (Ex. I) on March 5, 2024, and assigned it Submission ID 1101841. DOJ Def.'s FOIA Response, Ex. O, incorporated by reference as if fully set forth herein.

35. No further response has been received from the DOJ.

### July 10, 2024 FOIA

36. On July 10, 2024, Plaintiff sent a fourth FOIA request letter to Defendant FBI. Pl.'s 4th FOIA Requests, Ex. P., incorporated by reference as if fully set forth herein. (Hereinafter July 10, 2024 FOIA).

37. Plaintiff requested Mr. Allen's Reinstatement Electronic Communication and all other documents describing the basis for Mr. Allen's clearance reinstatement. *Id.*

38. On July 23, 2024, Defendant FBI acknowledged receipt and assigned Plaintiff's request FOIPA Request No. 1641164-000. *See* Def.'s July 10, FOIA Response Ex. Q, incorporated by reference as if fully set forth herein. (Hereinafter July 10, 2024 FOIA Response).

39. Defendant further responded on October 2, 2024, stating that in order to produce the documents requested, they needed a copy of a government-issued ID with Mr. Allen's information. *See* Def.'s 2nd July 10, FOIA Response Ex. R, incorporated by reference as if fully set forth herein. (Hereinafter 2nd July 10, 2024 FOIA Response).

40. Plaintiff responded on November 5, 2024, providing a copy of Mr. Allen's ID and a certificate of Identity. *See* Mr. Allen's ID and Certificate of Identity Ex. S, incorporated by reference as if fully set forth herein. (Hereinafter Mr. Allen's ID).

6

41. On November 6, 2024, Defendant acknowledged their receipt of the requested documentation. *See* Defendant's email confirming receipt Ex. T, incorporated by reference as if fully set forth herein.

42. On November 13, 2024, Defendant again confirmed receipt of the requested documentation but failed to provide a determination of the FOIA request or conduct a search for documents in response. *See* Defendant's additional confirmation Ex. U, incorporation by reference as if fully set forth herein.

43. As of the date of this complaint, Plaintiff has received no further communication regarding the July 10, 2024 FOIA.

## September 26, 2024 FOIA

44. On September 26, 2024, Plaintiff sent a fifth FOIA request letter to Defendants, Pl.'s 5th FOIA Requests, Ex. V., incorporated by reference as if fully set forth herein. (Hereinafter September 26, 2024 FOIA).

45. To summarize, Plaintiff requested all DOJ OIG records regarding its investigation into Mr. Allen and records containing disciplinary recommendations regarding the same. *Id.*

46. Defendant acknowledged receipt of the appeal on September 27, 2024, and assigned the request control number 24-OIG-527. *See* Def.'s September 26, FOIA Response Ex. W, incorporated by reference as if fully set forth herein. (Hereinafter 5th 2024 FOIA Response).

47. On December 12, 2024, Defendant informed Plaintiff that a search was being made but failed to provide a determination of the FOIA request. *See*, DOJ OIG December 12, 2024, Response Ex. X, incorporated by reference as if fully set forth herein.

48. As of the date of this complaint, Plaintiff has received no further communication from the Defendant regarding the September 26, 2024 FOIA.

## CAUSE OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

49. Plaintiff Empower Oversight re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

50. The FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

51. As to the FOIA request letter sent by Plaintiff on:

   a) February 12, 2024 (Ex. A), Defendant's 20-day period commenced February 13, 2024, and expired on March 12, 2024.

   b) February 23, 2024 (Ex. F), Defendant's 20-day period commenced February 26, 2024, and expired on March 22, 2024.

   c) March 5, 2024 (Ex. K), Defendant's 20-day period commenced March 6, 2024, and expired on April 4, 2024.

   d) July 10, 2024 (Ex. P), Defendant's 20-day period commenced July 11, 2024, and expired on August 8, 2024.

   e) September 26, 2024 (Ex. V), Defendant's 20-day period commenced September 27, 2024, and expired on October 25, 2024.

52. The FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional business days. 5 U.S.C. § 552(a)(6)(B)(i). The FOIA states that such an extension must set forth "the date on which a

determination is expected to be dispatched," which shall not be "a date that would result in an extension for more than ten working days." *Id*.

53. As to the FOIA request letter sent by Plaintiff on:

   a) February 12, 2024, Defendants did not assert any unusual circumstances, but if they had, the extended deadline ended on March 26, 2024.

   b) February 23, 2024, Defendants did not assert any unusual circumstances, but if they had, the extended deadline ended on April 9, 2024.

   c) March 5, 2024, Defendants did not assert any unusual circumstances, but if they had, the extended deadline ended on April 18, 2024

   d) July 10, 2024, Defendants did not assert any unusual circumstances, but if they had the extended deadline ended on August 22, 2024.

   e) September 26, 2024, Defendants did not assert any unusual circumstances, but if they had, the extended deadline ended on November 8, 2024.

54. The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a determination regarding an administrative appeal regarding a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(ii).

55. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendants were required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendants were also required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

56. As to the administrative appeals filed by Plaintiff on:

a) April 25, 2024, the Defendant's 20-day period to respond commenced on April 25, 2024, and expired on May 23, 2024.

b) May 21, 2024, the Defendant's 20-day period to respond commenced on May 21, 2024, and expired on June 20, 2024.

c) June 28, 2024, the Defendant's 20-day period to respond commenced on June 28, 2024, and expired on July 29, 2024.

57. Defendant requested additional information in relation to the July 10, 2024 FOIA request, after Plaintiff provided the requested information Defendant has failed to provide a determination.

58. As of the date of this complaint, Plaintiff has received no further communication from Defendants regarding any of the FOIA requests submitted.

59. As of the date of this Complaint, Defendants have failed to advise Plaintiff Empower Oversight of any determination and the reasons for that determination, produce any records responsive to the requests, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production and failed to meet any arguably applicable deadline.

60. Defendants failed to comply with the clear statutory requirements to trigger the extension provided by 5 U.S.C. § 552(a)(6)(B). But even assuming arguendo that this was done, and that Defendants stated "unusual circumstances" grounds are accurate, the extended time has still long since passed.

61. Plaintiff Empower Oversight has a statutory right to have Defendants process its FOIA requests in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

62. Defendants are unlawfully withholding records requested by Plaintiff Empower Oversight pursuant to the FOIA, 5 U.S.C. § 552.

63. The FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

64. Through continued delay, no provision of a determination or the reasons for that determination, no provision of an expected date of determination, outright failure to properly respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, Defendants have failed to comply with FOIA's prescribed deadlines for responding to a request for records and have violated Plaintiff's statutory rights.

65. Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendants failed to comply with the time limit and requirements set forth in 5 U.S.C. § 552(a)(6)(A) (*i.e.*, failed to issue a determination and the reasons for that determination), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

66. Plaintiff Empower Oversight is being irreparably harmed by reason of Defendants unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

67. The FOIA imposes no limits on Courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel Defendants to comply with the clear requirements of the FOIA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendants, and provide Plaintiff with the following relief:

(a) An Order that Defendants conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed

reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendants;

(b) An Order that Defendants produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under a claim of exemption;

(c) An Order enjoining Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d) An Order declaring Defendant DOJ's assertion that it can extend the deadline beyond that allowed for in the statute is unlawful without properly triggering the underlying 10-day "unusual circumstance" provision in the first place and enjoining Defendants from continuing to make such assertions or act in such a manner;

(e) A declaration that Defendants' actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(f) An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(g) An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: January 30, 2025.                Respectfully submitted,

                                        THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW                        /s/ *John A Monaghan*__
  (D.C. Bar No. 496335)                 JOHN A. MONAGHAN
  *COUNSEL OF RECORD*                     (D.C. Bar. #VA109)
JORDAN SEKULOW                          BENJAMIN P. SISNEY
  (D.C. Bar No. 991680)                   (D.C. Bar. No. 1044721)
STUART J. ROTH                          201 Maryland Avenue, N.E
  (D.C. Bar No. 475937)                 Washington, D.C.  20002
                                        Telephone: (202) 546-8890
                                        Facsimile: (202) 546-9309
                                        Email: jmonaghan@aclj.org
                                               bsisney@aclj.org

*Counsel for Plaintiff Empower Oversight*